**BURSOR & FISHER, P.A.**
Scott A. Bursor (State Bar No. 276006)
L. Timothy Fisher (State Bar No. 191626)
Annick M. Persinger (State Bar No. 272996)
Yeremey O. Krivoshey (State Bar No. 295032)
1990 North California Blvd., Suite 940
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
E-Mail:  scott@bursor.com
         ltfisher@bursor.com
         apersinger@bursor.com
         ykrivoshey@bursor.com

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AGUSTIN ISLAS, on Behalf of Himself and all Others Similarly Situated,<br><br>        Plaintiff,<br><br>    v.<br><br>MACY'S INC., DEPARTMENT STORES NATIONAL BANK, and FDS BANK<br><br>        Defendants. | Case No.  2:16-cv-00989<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Agustin Islas ("Plaintiff"), individually and on behalf of all others similarly situated, alleges the following on information and belief, except that Plaintiff's allegations as to his own actions are based on personal knowledge against Defendant Macy's Inc., Defendant Department Stores National Bank, and Defendant FDS Bank (collectively "Defendants" or "Macy's").

## NATURE OF THE ACTION

1. Between January 11, 2016 and January 25, 2016, Defendants made at least 25 calls to Plaintiff on his cellular telephone using an autodialer and/or an artificial or prerecorded voice. For example, Macy's autodialed Mr. Islas three times on January 11, 2016. Three times on January 13, 2016. Again on January 15, 2016. Four times on January 18, 2016. Four times on January 20, 2016. Four times on January 21, 2016. Three times on January 22, 2016. And three times on January 25, 2016. To make matters worse, Macy's started this daily harassment before 8:00 a.m. Plaintiff did not give Macy's Inc. prior express written consent to make these calls. The following chart shows each date and time that Macy's called Plaintiff on his cellular telephone number:

| Date | Time | Number Calling |
|------|------|----------------|
| 1/11/16 | 7:53 AM | (800) 511-3207 |
| 1/11/16 | 10:55 AM | (800) 511-3207 |
| 1/11/16 | 1:56 PM | (800) 511-3207 |
| 1/13/16 | 7:46 AM | (800) 511-3207 |
| 1/13/16 | 10:47 AM | (800) 511-3207 |
| 1/13/16 | 1:48 PM | (800) 511-3207 |
| 1/15/16 | 7:43 AM | (800) 511-3207 |
| 1/18/16 | 7:53 AM | (800) 511-3207 |
| 1/18/16 | 10:54 AM | (800) 511-3207 |
| 1/18/16 | 1:55 PM | (800) 511-3207 |
| 1/18/16 | 4:55 PM | (800) 511-3207 |

| | | |
|---|---|---|
| 1/20/16 | 7:41 AM | (800) 511-3207 |
| 1/20/16 | 10:42 AM | (800) 511-3207 |
| 1/20/16 | 1:43 PM | (800) 511-3207 |
| 1/20/16 | 4:43 PM | (800) 511-3207 |
| 1/21/16 | 7:31 AM | (800) 511-3207 |
| 1/21/16 | 10:32 AM | (800) 511-3207 |
| 1/21/16 | 1:33 PM | (800) 511-3207 |
| 1/21/16 | 4:34 PM | (800) 511-3207 |
| 1/22/16 | 7:37 AM | (800) 511-3207 |
| 1/22/16 | 10:38 AM | (800) 511-3207 |
| 1/22/16 | 1:39 PM | (800) 511-3207 |
| 1/25/16 | 7:51 AM | (800) 511-3207 |
| 1/25/16 | 10:52 AM | (800) 511-3207 |
| 1/25/16 | 1:54 PM | (800) 511-3207 |

2.     In total, Macy's called Plaintiff at least 25 times using an autodialer and/or an artificial prerecorded voice without his prior express written consent.

3.     Plaintiff brings this action for injunctive relief and statutory damages arising out of and relating to the conduct of Defendants in negligently, knowingly, and willfully contacting Plaintiff and class members on their telephones using an artificial or prerecorded voice without their prior express written consent within the meaning of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA").

4.     Plaintiff also brings this action for Defendants' violation of the Fair Debt Collection Practices Act, 15 U.S.C. 1692, *et seq.* (hereinafter "FDCPA") and California's Rosenthal Fair Debt Collection Practices Act, Civil Code 1788 *et seq.* (hereinafter, the "Rosenthal Act"), which prohibit debt collectors from engaging in abusive, deceptive and unfair practices in their collection of consumer debts. Plaintiff alleges that Defendants engaged in a campaign of harassment in an attempt to coerce payment of a consumer debt.

## **PARTIES**

5.    Plaintiff Agustin Islas is, and at all times mentioned herein was, a resident of Long Beach, California and a citizen of the State of California.

6.    Defendant Macy's Inc.'s principal place of business is located at 7 West Seventh Street, Cincinnati, Ohio 45202.

7.    Defendant Department Stores National Bank is a national banking association and the issuer of Macy's credit cards. Its principal place of business is 701 East 60th Street, Suoix Falls, South Dakota. Defendant Department Stores National Bank solicits, advertises to and provides credit cards and financing to consumers residing in California.

8.    Defendant FDS Bank operates as a subsidiary of Macy's Inc. and has its principal place of business in Mason, Ohio 45040. FDS Bank is an element of Macy's credit card operations that services consumer credit card accounts.

## **JURISDICTION AND VENUE**

9.    This Court has subject matter jurisdiction over this action pursuant to the Class Action Fairness Act of 2005, Pub. L. No. 109-2 Stat. 4 ("CAFA"), which, *inter alia*, amends 28 U.S.C. § 1332, at new subsection (d), conferring federal jurisdiction over class actions where, as here: (a) there are 100 or more members in the proposed classes; (b) some members of the proposed classes have a different citizenship from Defendants; and (c) the claims of the proposed class members exceed the sum or value of five million dollars ($5,000,000) in aggregate. *See* 28 U.S.C. § 1332(d)(2) and (6).

10.   This Court also has federal question jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves violations of a federal statutes, the TCPA and the FDCPA. This Court has supplemental jurisdiction for the state law claims pursuant to 28 U.S.C. § 1367.

11.     Venue is proper in this Court under 28 U.S.C. § 1391 because Plaintiff resides in this District, Defendants transact significant business within this District and a substantial part of the events giving rise to Plaintiff's claims took place within this District.

**FACTS COMMON TO ALL CAUSES OF ACTION**

**A.     The Telephone Consumer Protection Act Of 1991**

12.     In 1991, Congress enacted the TCPA in response to a growing number of consumer complaints regarding certain telemarketing practices.

13.     Among other things, the TCPA prohibits "initiat[ing] any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party. . . ."

14.     According to findings by the Federal Communications Commission ("FCC"), such calls are prohibited because prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls are costly and inconvenient.

15.     The FCC has issued rulings clarifying that in order to obtain an individual's consent, a clear, unambiguous, and conspicuous written disclosure must be provided by the individual.  2012 FCC Order, 27 FCC Rcd. at 1839 ("[R]equiring prior written consent will better protect consumer privacy because such consent requires conspicuous action by the consumer—providing permission in writing—to authorize autodialed or prerecorded telemarketing calls. . . .").

**B.     Defendants' Robocalls to Plaintiff and Class Members**

16.     Prior to the calls at issue in this action, Plaintiff has never consented in writing, or otherwise, to receive telephone calls from Defendants.  Further, on January 11, 2016, and January 13, 2016, Plaintiff specifically told Defendants to stop calling.

17.     There are a legion of online consumer complaints regarding Defendants' harassing robocalls:

- "8005113207 They are incessant.  I've never had a Macy's account, yet they keep calling.  I blocked this number ages ago, but I checked the log this morning and they called FIVE times in a one hour period.  They just don't give up.  All it does is make me not want to step foot in a Macys ever again."[1]

- "1 800 511 3207 after several missed calls from this number I called back.  The lady was very pushy and rude … I called Macys to double check and guess what …. It is macy's"[2]

- "Caller Type: Telemarketer.  Phone Number Owner: Macy's.  Phone Number Report:  Recording says they are calling regarding a business matter with my account.  Account is at zero balance.  Call multiple times a day."[3]

- "I tell them over and over to stop calling I don't know anything about Macy's I block the calls they call me from a different number.  i want it to stop."[4]

- "This number calls me several times a day."[5]

- "They keep calling multiple times a day and no message.  I blocked their phone number after six calls since yesterday."[6]

- "Call comes every hour or so asking me to call this number back.  Claims that they are Macy's.  STOP CALLING ME!"[7]

---

[1] http://dncl.me/8005113207.tel?page=11
[2] http://800notes.com/Phone.aspx/1-800-511-3207/13
[3] http://www.callercomplaints.com/SearchResult.aspx?Phone=800-511-3207
[4] *Id.*
[5] *Id.*
[6] *Id.*
[7] *Id.*

# CLASS ACTION ALLEGATIONS

18. Plaintiff brings this action on behalf of himself and on behalf of all other persons similarly situated.

19. Plaintiff proposes the following Robocall Class definition, subject to amendment as appropriate:

> All persons nationwide whose cellular telephone number, at any time on or after July 23, 2015, Defendants (or either of their agents or affiliates) called using an artificial or prerecorded voice and/or using any automatic telephone dialing system where the call was placed for debt collection purposes in connection with a Macy's credit card account and where the person did not consent to receiving calls.

Collectively, all these persons will be referred to as the "Robocall Class." Plaintiff represents, and is a member of, this proposed class. Excluded from the Robocall Class are Defendants and any entities in which Defendants have a controlling interest, Defendants' agents and employees, any Judge and/or Magistrate Judge to whom this action is assigned and any member of such Judges' staffs and immediate families.

20. Plaintiff further proposes the following FDCPA Class definition:

> All persons within the United States who received harassing, oppressive, or abusive calls including (a) repeated calls to annoy someone, and/or (b) calling at times in violation of curfew, such as before 8 in the morning or after 9 at night.

21. Plaintiff also proposes the following Rosenthal Act Class definition:

> All persons within the State of California who received harassing, oppressive, or abusive calls including (a) repeated calls to annoy someone, and/or (b) calling at times in violation of curfew, such as before 8 in the morning or after 9 at night.

22. Collectively, all these persons will be referred to as the "Classes." Plaintiff represents, and is a member of, these proposed Classes. Excluded from the

Classes are Defendants and any entities in which Defendants have a controlling interest, Defendants' agents and employees, any Judge and/or Magistrate Judge to whom this action is assigned and any member of such Judges' staffs and immediate families.

23.     Plaintiff does not know the exact number of members in the proposed Classes, but reasonably believes based on the scale of Defendants' business, and the number of online complaints, that the Classes are so numerous that individual joinder would be impracticable.

24.     Plaintiff and all members of the proposed Classes have been harmed by the acts of Defendants in the form of multiple involuntary telephone and electrical charges, the aggravation, nuisance, and invasion of privacy that necessarily accompanies the receipt of unsolicited and harassing telephone calls, and violations of their statutory rights.

25.     The disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits.  The proposed Classes can be identified easily through records maintained by Defendants.

26.     There are well defined, nearly identical, questions of law and fact affecting all parties.  The questions of law and fact involving the class claims predominate over questions which may affect individual members of the proposed Classes.  Those common question of law and fact include, but are not limited to, the following:

   a.  Whether Defendants made telephone calls to class members using an artificial or prerecorded voice without their prior express written consent;

   b.  Whether Defendants made harassing, oppressive, or abusive telephone calls;

   c.  Whether Defendants' conduct was knowing and/or willful;

d. Whether Defendants are liable for damages, and the amount of such damages, and

e. Whether Defendants should be enjoined from engaging in such conduct in the future.

27.    As a person who received numerous and repeated calls on his telephone using an artificial or prerecorded voice, without his prior express written consent, Plaintiff asserts claims that are typical of each member of the Classes.  Plaintiff will fairly and adequately represent and protect the interests of the proposed Classes, and has no interests which are antagonistic to any member of the proposed Classes.

28.    Plaintiff has retained counsel experienced in handling class action claims involving violations of federal and state consumer protection statutes.

29.    A class action is the superior method for the fair and efficient adjudication of this controversy.  Class wide relief is essential to compel Defendants to comply with the TCPA, the FDCPA, and the Rosenthal Act.  The interest of the members of the proposed Classes in individually controlling the prosecution of separate claims against Defendants is small because the statutory damages in an individual action for violation of the TCPA, the FDCPA, and the Rosenthal Act are relatively small.  Management of these claims is likely to present significantly fewer difficulties than are presented in many class claims because the calls at issue are all automated and the members of the Classes, by definition, did not provide the prior express consent required under the statute to authorize calls to their telephones.

30.    Defendants have acted on grounds generally applicable to the proposed Classes, thereby making final injunctive relief and corresponding declaratory relief with respect to the proposed Classes as a whole appropriate.  Moreover, on information and belief, Plaintiff alleges that the TCPA, FDCPA, and Rosenthal Act violations complained of herein are substantially likely to continue in the future if an injunction is not entered.

## CAUSES OF ACTION

## FIRST COUNT

## KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227, *et seq.*

31.     Plaintiff incorporates by reference the foregoing paragraphs of this Complaint as if fully stated herein.

32.     The foregoing acts and omissions of Defendants constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each of the above-cited provisions of 47 U.S.C. § 227 *et seq.*

33.     As a result of Defendants' knowing and/or willful violations of 47 U.S.C. § 227 *et seq.*, Plaintiff and members of the proposed Classes are entitled to treble damages of up to $1,500.00 for each and every call in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(C).

34.     Plaintiff and members of the proposed Classes are also entitled to and do seek injunctive relief prohibiting such conduct violating the TCPA by Defendants in the future.

35.     Plaintiff and members of the proposed Classes are also entitled to an award of attorneys' fees and costs.

## SECOND COUNT
## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227, *et seq.*

36.     Plaintiff incorporates by reference the foregoing paragraphs of this Complaint as if fully stated herein.

37.     The foregoing acts and omissions of Defendants constitute numerous and multiple violations of the TCPA, including but not limited to each of the above-cited provisions of 47 U.S.C. § 227 *et seq.*

38.     As a result of Defendants' violations of 47 U.S.C. § 227 *et seq.*, Plaintiff and members of the Classes are entitled to an award of $500.00 in statutory damages

for each and every call in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(B).

39. Plaintiff and members of the proposed Classes are also entitled to and do seek injunctive relief prohibiting such conduct violating the TCPA by Defendants in the future.

40. Plaintiff and members of the proposed Classes are also entitled to an award of attorneys' fees and costs.

## THIRD COUNT
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. 1692, *et seq.*
### (On Behalf of Plaintiff and members of the FDCPA Class)

41. Plaintiff incorporates by reference the foregoing paragraphs of this Complaint as if fully stated herein.

42. Defendants' course of conduct as more fully described above constitutes numerous and multiple violations of the FDCPA, 15 U.S.C. § 1692 *et seq*., including but not limited to 15 U.S.C. § 1692d(5).

43. As a result of Defendants' actions, Plaintiff and the Class are entitled to recover statutory damages, actual damages, reasonable attorney's fees, and costs, pursuant to 15 U.S.C. § 1692k, *et seq.*

## FOURTH COUNT
## VIOLATIONS OF THE CALIFORNIA ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, Cal. Civ.Code 1788, *et seq.*
### (On Behalf of Plaintiff and members of the Rosenthal Act Class)

44. Plaintiff incorporates by reference the foregoing paragraphs of his Complaint as if fully stated herein.

45. The foregoing acts and omissions by Defendant in its illegal attempt to collect a consumer debt constitute numerous unfair, deceptive, and/or unconscionable trade practices, made unlawful pursuant to the California Rosenthal

Fair Debt Collections Practices Act, including but not limited to Cal. Civ. Code § 1788.11(d) and (e).

46. Defendant also violated Cal. Civ. Code 1788.17, which requires Defendant to comply with all of the provisions of the FDCPA 15 U.S.C. §§ 1692, *et seq.* in all of its collection efforts.

47. Therefore, Plaintiff and the Rosenthal Act Class are entitled to recover statutory damages, actual damages, reasonable attorney's fees and costs.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that the Court grant Plaintiff and all members of the proposed Classes the following relief against Defendants:

    a.  Injunctive relief prohibiting such violations of the TCPA by Defendants in the future;

    b.  As a result of Defendants' willful and/or knowing violations of the TCPA, Plaintiff seeks for himself and each member of the proposed Classes treble damages, as provided by statute, of up to $1,500.00 for each and every call that violated the TCPA;

    c.  As a result of Defendants' violations of the TCPA, Plaintiff seeks for himself and each member of the proposed Classes $500.00 in statutory damages for each and every call that violated the TCPA;

    d.  An award of damages as permitted by the FDCPA;

    e.  An award of damages as permitted by the Rosenthal Act;

    f.  An award of attorneys' fees and costs to counsel for Plaintiff and the proposed Classes;

    g.  An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing appropriate Classes, finding that Plaintiff is a proper representative of the Classes, and

appointing the lawyers and law firm representing Plaintiff as counsel for the Classes;

h.  Such other relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of any and all issues in this action so triable of right.


Dated:  February 12, 2016                    Respectfully submitted,

                                             **BURSOR & FISHER, P.A.**

                                             By:   */s/ Annick M. Persinger*
                                                      Annick M. Persinger

                                             Scott A. Bursor (State Bar No. 276006)
                                             L. Timothy Fisher (State Bar No. 191626)
                                             Annick M. Persinger (State Bar No. 272996)
                                             Yeremey O. Krivoshey (State Bar No. 295032)
                                             1990 North California Blvd., Suite 940
                                             Walnut Creek, CA  94596
                                             Telephone: (925) 300-4455
                                             Email: scott@bursor.com
                                                      ltfisher@bursor.com
                                                      apersinger@bursor.com
                                                      ykrivoshey@bursor.com

                                             *Attorneys for Plaintiff*